NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

IDA WIENER, PETITIONER, v. WATSON CAB COMPANY, RESPONDENT.

For the petitioner, *John W. McGeehan, Jr.*, by *George F. Corrigan, Jr.*

For the respondent, *Charles Becker.*

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

1. The petitioners are the mother and father of the deceased, Harry Wiener, their son, who was on the 12th day of June, 1927, in the employment of the respondent, Watson Cab Company.

2. On the aforesaid date the deceased met with an accident which caused his death, arising out of and in the course of the employment; that intoxication was not the proximate cause, nor was the injury self-inflicted.

3. The respondent herein had knowledge of the said accident and death within the time prescribed in paragraph 15 of the said act.

4. The deceased met with the accident which caused his death while driving a taxicab owned by the above-named respondent.

5. The father, Samuel Wiener, testified that he did very little work on account of his age and sickness and he earned on the average from $10 to $12 a week, but the records from his employer, I. Cooper & Son, showed that Samuel Wiener, father of the deceased, was earning $20 to $22 and sometimes $30 a week, which was more than the deceased son earned, and on several occasions the father, Samuel Wiener, earned almost twice as much as the deceased son earned, and it was thereby stipulated and agreed between counsel representing the petitioner and the respondent that the father's earnings would be on the basis of $20 a week.

6. Samuel Wiener further testified, which was corroborated by the testimony of his wife, Ida Wiener, that their daughter, who was single at the time, was contributing toward the support of the home the sum of $6 a week and one of the sons, William, who was single and living with them at the time, also contributed the sum of $6 a week for the support of the family. The father of the deceased testified that his son was giving to the support of the family the sum of $30 to $40

a week, but he did not know if that was wages or where it came from, but the records and payroll of the respondent produced by the president of the Watson Cab Company showed that the deceased was only earning $14.50 for the approximated six weeks he was in their employment, and it was thereby agreed by and between the counsel representing the petitioners and respondent that the average weekly wage by the deceased was $14.50 a week.

Ida Wiener, one of the dependents, testified and corroborated the previous testimony of her husband, Samuel Wiener, therefore I find that the deceased's brother, William, paid $6 a week, Lillian, the sister, paid $6 a week, and the father, Samuel Wiener, contributed $20 a week, plus the $14.50 a week the deceased paid, making a total of $46.50 which were the earnings of the five members of the family.

Therefore, I find that the total sum of $9.30 be the sum allotted per person for the five members of the family, and I also find and determine from the testimony before me that Samuel Wiener, father, is not a total or a partial dependent for the reason as stated above. I determine that the mother, who is a partial dependent, should be paid by the respondent the sum of $1.82 a week for three hundred weeks, or a total sum of $546, for total dependency and support, and the amount accrued up to the date of signing of the determination shall be paid in lump sum and the balance of money weekly.

I also find from the testimony that there was no temporary whatsoever for the reason that the deceased was killed instantly. I also order that the sum of $150 be paid for funeral expenses by the respondent and $125 for all of the expenses, counsel fee, medical expenses and other disbursements which the petitioners or their representatives may have expended in preparing this case. The stenographic fee of $10 shall be paid by the respondent.

\*  \*  \*  \*  \*  \*  \*

HARRY J. GOAS,
*Deputy Commissioner.*